IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| BOBBY RAY CHAMBERS #662086 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-145 |
| § | |
| DOUG DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION. § | |

## REPORT AND RECOMMENDATION

Before the Court is the application of Bobby Ray Chambers for the issuance of a writ of habeas corpus. Chambers challenges disciplinary case number **20060082906**, in which he was punished with a loss of forty-five days recreation and commissary privileges and a loss of time-earning class status from S-2 to S-4. He also received a reprimand. Petitioner alleges that his due process rights were violated during the course of the above-stated disciplinary proceeding. The specificity with which he has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General. Having carefully reviewed Petitioner's Application, this Court makes the following Report and Recommendation to the District Court.

An application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). In this case, however, Petitioner lost no good time, he only suffered a brief loss of privileges and reduced time-earning class status.

A brief and temporary loss of privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and, therefore, does not trigger the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997).

A claim for a reduction in time-earning class status or inability to attain an increased status also fails to qualify for federal habeas relief. The subsequent possible loss of "the mere opportunity to earn good time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68.

Even if Petitioner had lost earned good-time, he still would not be eligible for federal habeas relief. He states in his application that he was sentenced in 2005 and is not eligible for mandatory release. As such, a loss of good time credits does not affect the duration of his sentence and does not, therefore, trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). To the extent Petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v.*

*Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Petitioner's eligibility for parole, his due process rights have not been violated. Petitioner has failed to state a claim that is cognizable under federal habeas review.  *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED for failure to state a claim upon which federal habeas relief is available**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  The Petitioner shall have until **March 29, 2006,** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300.  Any objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the     10th     day of March, 2006.

_____
John R. Froeschner
United States Magistrate Judge